**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS BOHANNON, an individual; DEENA BOHANNON, an individual,

        Plaintiffs - Appellants,

  v.

MARTIN MCDONALD DEVELOPMENT, INC., a California corporation; ALLEN MARTIN CONSTRUCTION, INC., a California corporation,

        Defendants - Appellees,

DAVID MCDONALD, doing business as MCDONALD DEVELOPMENT and/or PACIFIC BUILDING, HAL PETERSON, ANTHONY SCARDINA, doing business as SCARDINA BUILDERS, RON MANN, COMPASS CALIFORNIA II, INC., a Delaware corporation, MARK PETERSON, DANA BAMBACE, MAUREEN WRUCK, MOZAFFARI ENGINEERING, INC., a California corporation, ANDRE MOZAFFARI, BLUE DESIGN STUDIOS, INC., a California Corporation, WILLIAM FOWLER, GEORGE MICHAEL MACALUSO, MACALUSO ELECTRIC, INC., a California corporation doing

No. 24-6886

D.C. No.
3:22-cv-04422-RFL

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

business as VERTEX MEDIA SYSTEMS, LANDSET ENGINEERS, INC., a California Corporation, DOWDY CONSTRUCTION INC., a California Corporation, B. WISE, INC., a Nevada corporation, doing business as Brion Wise, Inc., MANDURRAGO MANDURRAGO & SULLIVAN, INC., a California corporation,

Defendants.

Appeal from the United States District Court
for the Northern District of California
Rita F. Lin, District Judge, Presiding

Argued and Submitted April 21, 2026
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

Plaintiffs Thomas and Deena Bohannon appeal the dismissal of their construction-defect claims against Defendants Martin McDonald Development, Inc. (MMD) and Allen Martin Construction, Inc. (AMC) based on California's statute of repose. Cal. Civ. Proc. Code § 337.15. We have jurisdiction, and we affirm in part, reverse in part, and remand for further proceedings. 28 U.S.C. § 1332; 28 U.S.C. § 1291; Fed. R. App. P. 54(b).

1.      **Statute of Repose.** We review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo. *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We accept all

well-pleaded allegations as true, drawing reasonable inferences in the nonmovant's favor. *In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828, 835 (9th Cir. 2022). Questions of state law are to be decided based on our prediction of "how the state's highest court would decide the question." *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). Because the Bohannons rely only on California law, we analyze whether their amended pleadings relate back solely under Federal Rule of Civil Procedure 15(c)(1)(A).[1]

a. *MMD.* The Bohannons assert that the district court erred by disallowing the naming of "Martin McDonald Development, Inc." in the amended complaint to relate back to their initial pleading that named "Martin McDonald, an individual." Assuming Martin McDonald Development, Inc. can be treated as a misnamed party rather than a new party, *see Mayberry v. Coca Cola Bottling Co. of Sacramento*, 53 Cal. Rptr. 317, 319–20 (Ct. App. 1966) (considering whether substitution of private individual or partnership with corporation constituted correcting a misnomer or a replacement of parties), California allows the correction of a misnamed party by a subsequent, untimely complaint if no injustice to the defendant would result. *E.g., id.* at 319–21. This is a form of equitable tolling. *See id.* at 320. But California's

---

[1]We treat any application of Federal Rule of Civil Procedure 15(c)(1)(C) as forfeited based on the Bohannons' concession at oral argument that they did not raise the issue to the district court or in their briefing on appeal. *See Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025).

statute of repose "is not subject to 'equitable tolling.'" *Lantzy v. Centex Homes*, 73 P.3d 517, 522–23 (Cal. 2003). Thus, the district court did not err in dismissing the claims asserted against MMD.

b.     *AMC.* The Bohannons next argue that the district court erred by disallowing the naming of "Allen Martin Construction, Inc." in their amended complaint in place of their original complaint's naming of "DOE 1." Under § 474 of the California Code of Civil Procedure, a plaintiff who does not know a defendant's name may state that in the complaint and later amend to identify the defendant's "true name" once known. AMC suggests that this rule was impliedly repealed by § 337.15. Where two statutes overlap, however, "we must harmonize them insofar as possible." *Rubin v. Green*, 847 P.2d 1044, 1052 (Cal. 1993). Under California law, this analysis begins with the statutes' "respective texts" and asks whether those texts, rather than the statutes' purposes, directly conflict. *See State Dep't of Pub. Health v. Super. Ct.*, 342 P.3d 1217, 1226 (Cal. 2015). We conclude that the two are not in direct conflict because § 337.15 is silent on the issue of suing unknown defendants.

Indeed, while there is some tension between the two statutes, it is possible to harmonize them. Unlike equitable tolling, which would obliterate the statute of repose by allowing new claims to be brought against new defendants after time has run, relation back under § 474 requires that both the claim and the defendant (albeit

4                                                                                    24-6886

under a pseudonym) be identified within the repose period. Accordingly, we reverse dismissal of the claims asserted against AMC and remand for the district court to analyze whether the naming of AMC was permissible under § 474.

          *c.*        *Willful Misconduct and Fraudulent Concealment.* The Bohannons propose that, even if we do not hold that relation back was proper, we should reverse the district court's analysis of the willful-misconduct and fraudulent-concealment exceptions to § 337.15. We disagree. The willful-misconduct exception requires a showing that a defendant either knew that a probable result of its conduct would be a serious injury, or that the defendant "act[ed] with a wanton and reckless disregard of [the] consequences." *Acosta v. Glenfed Dev. Corp.*, 28 Cal. Rptr. 3d 92, 102–103 (Ct. App. 2005) (quoting *Ewing v. Cloverleaf Bowl*, 572 P.2d 1155, 1161 (Cal. 1978)). The fraudulent-concealment exception requires allegations that a defendant "intentionally concealed facts with the intent to defraud" or injure. *E.g.*, *Michel v. Larry Moore & Assocs. Realtors*, 67 Cal. Rptr. 3d 797, 801 (Ct. App. 2007). Here, the Bohannons had to allege—with particularity—that Defendants knew or should have known that the construction of the home was so substandard as to create a serious risk of harm. They did not do so, and the district court did not err in concluding that these exceptions to the statute of repose did not apply.

        **2.**      **Leave to Amend.** Finally, the Bohannons challenge the district court's refusal to grant them leave to amend a fifth time to allege facts amounting to willful

5

misconduct or fraudulent concealment. We review this issue for abuse of discretion and find none. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 949 (9th Cir. 2006). The only additional facts identified by the Bohannons relate to MMD's awareness of the construction decisions underlying this case. Those facts, however, would still not meet the scienter requirements of either willful misconduct or fraudulent concealment. *See id.* at 951 (explaining that futility is a basis for denying leave to amend). And we are especially disinclined to find an abuse of discretion where, as here, several amendments have previously been allowed. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**